IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>THOMAS J. CORDELL-EASTLAND (01),<br><br>      Defendant. | Case No. 24-20040-01-DDC |

### MEMORANDUM AND ORDER

Defendant Thomas J. Cordell-Eastland moved to dismiss the lone charge against him here—one under 18 U.S.C. § 922(g)(1). He contends that the charging statute, a felony commonly called felon in possession, violates the Second Amendment. *See* Doc. 26 at 1. The United States responded to his motion on Valentine's Day of this year. Doc. 29. As the government's Response notes, Doc. 29 at 5, just three days earlier the Tenth Circuit decided *Vincent v. Bondi*, 127 F.4th 1263 (10th Cir. 2025). *Vincent* explicitly confirms that the Circuit's earlier decision in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009) remains the settled law of our Circuit. *Id.* at 1265–66. And, the government contends, Doc. 29 at 5, *McCane* forecloses the argument Mr. Cordell-Eastland makes here, holding that § 922(g)(1) "does not violate the Second Amendment." *Id.* at 1264.

The court agrees with the government. *Bondi* forecloses his constitutional challenge—or at least it forecloses this court's authority to grant his motion. Consistent with the binding precedent in *Vincent*, the court denies Mr. Cordell-Eastland's Motion to Dismiss (Doc. 26). This Order memorializes that result.

**THEREFORE, IT IS HEREBY ORDERED** that defendant's Motion to Dismiss (Doc. 26) is denied.

**IT IS SO ORDERED.**

**Dated this 31st day of March, 2025, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
Daniel D. Crabtree
United States District Judge
